1

2

3

4

5

6                                  IN THE UNITED STATES DISTRICT COURT

7                                      FOR THE DISTRICT OF ARIZONA

8

9    Eitan Maximov,                              No. CV-14-0636-PHX-DGC (DKD)

10                        Petitioner,

11   v.                                          **REPORT AND RECOMMENDATION**

12   United States of America,

13                        Respondent.

14

15   TO THE HONORABLE DAVID G. CAMPBELL, U. S. DISTRICT JUDGE:

16          Eitan Maximov filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or

17   Correct Sentence.  He argues that sentencing guidelines were incorrectly applied to him,

18   his indictment was defective, and that he received ineffective assistance of trial and

19   appellate counsel.  Respondent argues that Maximov's claims are procedurally defaulted

20   and meritless.  As explained below, the Court recommends that this motion be denied.

21                                          **BACKGROUND**

22          In November 2011, based on a complex series of home purchases and sales, a jury

23   in the District of Arizona found Maximov guilty of one count of conspiracy to commit

24   wire or bank fraud and one count of bank fraud.  (Doc. 10, Ex. D; Ex. A at 6)  Maximov,

25   through counsel, filed an extensive objection to the Presentence Report.  (Doc. 10, Ex. A

26   at 6)   At sentencing, the Court addressed his objections, accepting some of the

27   government's proposed enhancements and rejecting others.  (Doc. 10, Ex. A at 57-75)

28   As relevant here, the Court applied the Aggravating Role enhancement, over his

objection, because he was "clearly an organizer" and "the activity in the transaction was otherwise extensive within the meaning of guideline section 3B1.1(a) [of the Sentencing Guidelines]."  (Doc. 10, Ex. A at 68:15-16, 69:1-2)  The Court also found that this enhancement was applicable because Maximov had recruited straw buyers when needed, helped to falsify the straw buyers' documentation, and involved over a dozen other people in the series of transactions.  (*Id*. at 66, 69)  At the conclusion of sentencing, the Court adjusted Maximov's final sentencing range down two levels to acknowledge approximations in the actual loss calculations.  (Doc. 10, Ex. A at 73)  The end result was an offense level of 29 which translated to a range of 87 to 109 months imprisonment; the Court imposed a mid-range sentence of 97 months.  (*Id*. at 75)

Maximov timely filed a notice of appeal.  (Doc. 10, Ex. C)  After appellate counsel was appointed, Maximov requested an international prison transfer to his home country, Israel.  (*Id*.)  Maximov apparently learned that international prison transfer requests will not be considered during the pendency of an appeal and so he decided to dismiss his appeal.  (Doc. 10, Ex. B at ¶¶ 5-6)  Maximov's appellate counsel warned him that dismissing his appeal would mean that "some of [his] claims may be barred because they were not raised on direct appeal."  (Doc. 10, Ex. C at 3)  Maximov proceeded with the dismissal and executed an affidavit acknowledging that "a voluntary dismissal of [his] direct appeal might impact [his] rights to collaterally attack his conviction and sentence and serve as a bar to consideration of certain issues."  (Doc. 10, Ex. B at ¶ 8)

On March 28, 2014, Maximov timely filed his Section 2255 motion in this Court along with a supporting affidavit and memorandum where he argues that the sentencing guidelines were incorrectly applied to him, and that he received ineffective assistance of trial and appellate counsel.[1]  (Docs. 1, 2, 3)  Respondent contends that Maximov's claims are procedurally barred because he did not raise them on direct appeal.  (Doc. 10)

---

[1] His motion also claims that his indictment was defective but he does not provide any support for this claim and so the Court will not consider it.

**ANALYSIS**

Section 2255 motions are not intended as vehicles to "allow criminal defendants repeated opportunities to overturn their convictions on grounds that could have been raised on direct appeal." *United States v. Dunham*, 767 F.2d 1395, 1397 (9th Cir. 1985). The Court agrees with the government that he is procedurally barred from raising his claims because he failed to raise them in his first direct appeal. *See United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). Accordingly, the Court can only review Maximov's claims if he can demonstrate either cause and actual prejudice to explain the default, or that he was actually innocent of the charged crime. *United States v. Braswell*, 501 F.3d 1147, 1149 (9th Cir. 2007); *United States v. Guess*, 203 F.3d 1143, 1145 (9th Cir. 2000).

Maximov argues that his ineffective assistance claim constitutes cause and that he was prejudiced because he should have been sentenced under an earlier, more lenient version of the sentencing guidelines and, but for his ineffective trial counsel, he would have been. He also argues that his appellate counsel was ineffective for not raising this as a viable appellate claim. These arguments are unavailing. First, Maximov repeatedly claims that he should have been sentenced under the 1998 version of the sentencing guidelines. (Doc 2 at ¶ 7; Doc. 3 at 3-9) However, Maximov was found guilty based on conduct that occurred between June 2006 and January 2008. (Doc. 10, Ex. D) This means that the relevant sentencing guidelines are the ones that were in effect between 2006 and 2008, not 1998. *See Peugh v. United States*, 133 S.Ct. 2072 (2013) (*ex post facto* clause violated when defendant receives a higher sentencing range from current sentencing guidelines, not a lower range based on guidelines in effect at the time of the offense). Maximov has not provided any evidence to show that he was convicted or sentenced for crimes that occurred when the 1998 version of the sentencing guidelines applied. Instead, the record shows that Maximov was sentenced in accordance with the guidelines that were in effect at the time of his offenses. (Doc. 10, Ex. A at 57-75; Ex. E)

Because Maximov was sentenced under the correct version of the sentencing guidelines, his trial and appellate counsel could not have been ineffective in this regard.

Maximov also argues that he was prejudiced when his sentence was impermissibly enhanced and because his ineffective counsel failed to object or appeal this issue. Specifically, Maximov objects to being characterized as a "leader or organizer" because the other participants were not "working" for him and he could not control or direct their activities. As a result, Maximov claims the Court should not have imposed the four level aggravating role enhancement of his sentence. (Doc. 3 at 21) This argument is not persuasive. Maximov's conclusory arguments, devoid of citations to the record, are not enough to show that the Court was clearly erroneous in this regard. *United States v. Brown*, 771 F.3d 1149, 1155 (9th Cir. 2014). Instead, the Court explained why Maximov's objections were overruled and why Maximov met the sentencing guideline's requirements for an enhancement. Further, Maximov has not shown that his counsel was ineffective in this matter: his trial counsel raised an objection to this sentencing enhancement and the Court denied it. That is not enough to show that his counsel's performance was objectively unreasonable as required under *Strickland v. Washington*, 466 U.S. 668 (1984).

**IT IS THEREFORE RECOMMENDED** that Eitan Maximov's Motion to Vacate, Set Aside or Correct Sentence be denied. (Doc. 1)

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter,

the parties have seven days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 22nd day of June, 2015.

_____
David K. Duncan
United States Magistrate Judge